Octavio Cardona-Loya II (SBN 255309)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
vito@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY MATA,<br><br>Plaintiff,<br><br>v.<br><br>BETTER DEBT SOLUTIONS LLC; LENDVIA LLC; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## I. INTRODUCTION

1. This is an action for damages against Defendants for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") which places restrictions on the use of automated telephone equipment; and for invasion of privacy.

## II. PARTIES & JURISDICTION

2. Plaintiff DANNY MATA is a natural person.

3. Defendant BETTER DEBT SOLUTIONS LLC ("BDS") at all times relevant was a limited liability company doing business in Irvine, California operating from an

address at 2525 Main St. #500, Irvine, CA 92614. Defendant LENDVIA LLC (d/b/a Lendvia Financial d/b/a One Street Financial) at all times relevant was a limited liability company doing business in Irvine, California operating from an address at 2525 Main St. #420, Irvine, CA 92614. BDS's and LENDVIA's Agent for Service of Process is Nima Asadi, Esq., 19200 Von Karman Ave., Ste. 600, Irvine, CA 92612.

4. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

5. Jurisdiction and venue of this Court arises under 47 U.S.C. § 227; jurisdiction further arises under 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

## III. FACTUAL ALLEGATIONS

6. BDS "offers debt relief solutions to numerous households and individuals across the United States."[1] LENDVIA "helps improve your financial well-being with tips and personal loan options for managing your finances, budgeting, and investing."[2]

7. Defendants began calling Plaintiff's cell phone at (858) ###-6194 in an attempt to solicit Plaintiff's business using an automated telephone dialing system and/or a pre-recorded or artificial voice to deliver messages.

8. Plaintiff at no time had a business relationship with Defendants.

---

[1] https://betterdebtsolutions.com/about/
[2] https://lendvia.com/

9. Plaintiff at no time ever contacted Defendants to inquire into or apply for their services, never had an account with Defendants, nor ever had any kind of debt settlement or funding with or through them.

10. Plaintiff at no time ever provided his consent, express or implied, for Defendants to call him or leave voice messages on his cell phone; to the contrary, Plaintiff registered his cell number ending in -6194 with the "National Do Not Call Registry" on October 1, 2016. Attached hereto as Exhibit 1 is a true and correct copy of an email confirmation of Plaintiff's October 1, 2016 "National Do Not Call Registry" registration date.

11. Plaintiff's cell number ending in -6194 remained on the "National Do Not Call Registry" from October 1, 2016, and continuing into the present.

12. Defendants called Plaintiff after Plaintiff had registered his cell number ending in -6194 with the "National Do Not Call Registry"; Defendants called Plaintiff on consecutive days, with multiple calls within a 24-hour period on occasion from different phone numbers.

13. The amount and frequency of the calls rose to the level of harassment, with an estimate of having received around seventy (70) calls from Defendants.

14. Defendants further left voice messages using an artificial or pre-recorded voice on Plaintiff's voicemail box. Numerous voice message recordings sound virtually identical, if not actually being identical. Plaintiff estimates having received around sixty-six (66) of such recordings.

15. Defendants' calls to Plaintiff were commercial, impersonal and never mentioned Plaintiff's name or anything personally attributable to Plaintiff.

16. Defendants' voice message recordings left with Plaintiff contained script messages by an artificial or pre-recorded voice.

17. The alleged "caller" is also never a "live" person.

18. As a result of the acts alleged above, Plaintiff suffered emotional distress.

////

***The Parties' Prior Matter and Defendants' Refusal to Arbitrate***

19. Plaintiff previously filed suit against the same Defendants in this court, *Danny Mata v. Better Debt Solutions LLC et al.*, 8:24-cv-02050-SB-ADS ("Prior Suit").

20. The parties were ordered to submit their dispute to arbitration pursuant to their stipulation in the Prior Suit. Attached hereto as Exhibit 2 is a true and correct copy of the Court's Order, Dkt. No. 22, in the Prior Suit.

21. Plaintiff initiated arbitration proceeding through JAMS, and was provided Reference #5200002169 for the arbitration proceeding.

22. Attached hereto as Exhibit 3 is a true and correct copy of JAMS' January 9, 2025, "Notice of Intent to Initiate Arbitration" which included an invoice to Defendants' counsel regarding Defendants' Non-Refundable Filing Fee of $1,750, which neither Defendants nor their counsel paid.

23. Attached hereto as Exhibit 4 is a true and correct copy of JAMS' February 6, 2025, "Final Request for Filing Fee From Respondent" which included the prior invoice which neither Defendants nor their counsel paid.

24. Due to Defendants' failure to pay JAMS' fee, JAMS issued a "Notice of Closing File" closing the arbitration case as of March 12, 2025, a true and correct copy thereof attached hereto as Exhibit 5.

25. This matter is proper in this Court, as "a party's failure to pay its share of arbitration fees breaches the arbitration agreement and precludes any subsequent attempt by that party to enforce that agreement." *Pre-Paid Legal Services, Inc. v. Cahill*, 786 F.3d 1287, 1294 (10th Cir.2015) citing *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1011 (9th Cir.2005) (explaining the defendant "breached the arbitration agreement by refusing to participate in properly initiated arbitration proceedings" and that the "breach was tantamount to a repudiation of the arbitration agreement"); and *Sink v. Aden Enters.*, 352 F.3d 1197, 1201 (9th Cir.2003) ("[F]ailure to pay required costs of arbitration was a material breach of its obligations in connection with the arbitration."); see also Cal. Code Civ. Proc., § 1281.98(a)(1).

## IV. FIRST CLAIM FOR RELIEF

## (Against all Defendants for Violation of the TCPA)

26. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

27. Based on information and belief, Defendants made calls to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") and/or an artificial or pre-recorded voice (including an automated dialing machine, dialer, and auto-dialer). Based on the repetitive, impersonal, and identical nature of the recorded messages left, and the fact a "live" person never left any message with Plaintiff, both an ATDS and artificial/pre-recorded voice were used in Defendants' communications with Plaintiff.

28. Defendants improperly invaded the privacy rights of Plaintiff and violated the TCPA by the above-described actions. Defendants' violations include, but are not limited to, the following:

(a) By repeatedly making calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to the Plaintiff's cell phone without Plaintiff's express consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and (c).

29. As a result of Defendants' violations of the TCPA, Plaintiff is entitled to $500 for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

30. As a result of Defendants' violations of the TCPA, Plaintiff is entitled to a maximum of treble damages of $1,500 per call pursuant to 47 U.S.C. § 227(b)(3)(C).

31. Pursuant to 47 U.S.C. § 227 *et seq.* and as a result of the above violations, the Defendants are liable to the Plaintiff for actual damages and statutory damages.

## V. SECOND CLAIM FOR RELIEF

## (Against all Defendants for Invasion of Privacy: Intrusion Into Private Affairs)

32. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

33. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and

private concerns and affairs.

34. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully calling Plaintiff in an unjustifiably excessive amount.

35. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff. A reasonable person would be highly offended by Defendants' calls to Plaintiff given the repetitive, impersonal, and identical nature of the calls that did not involve an actual "live" caller as well as the fact Plaintiff had already registered his cell phone number with the "National Do Not Call Registry" and requested calls cease.

36. A reasonable person would also be highly offended as Plaintiff had no account, business relationship, debt, funding, or settlement involving Defendants for them to call Plaintiff in the first place. Defendants' calls were thus annoying, harassing, and/or offensive conduct.

37. As a result of such invasions of privacy, Plaintiff was harmed and caused emotional distress.

38. Defendants acted with oppression and/or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against all Defendants, and each of them, for the following:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorneys' fees;

(d) Punitive damages; and

(e) For such other and further relief as the Court may deem just and proper.

Dated: March 20, 2025

/s/ Octavio Cardona-Loya II
Octavio Cardona-Loya II
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 20, 2025

/s/ Octavio Cardona-Loya II
Octavio Cardona-Loya II
Attorney for Plaintiff

# Exhibit 1

# National Do Not Call Registry - Your Registration Is Confirmed

Inbox

V

**Verify** 9:51 AM

to [redacted]

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 6194 on October 01, 2016. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

******************************

******************************

******************************

************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# Exhibit 2

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MATA,<br><br>Plaintiff,<br><br>v.<br><br>BETTER DEBT SOLUTIONS LLC et al.,<br><br>Defendants. | Case No. 8:24-cv-02050-SB-ADS<br><br>ORDER GRANTING STIPULATION TO ARBITRATE [DKT. NO. 20] AND DENYING AS MOOT MOTION TO COMPEL ARBITRATION [DKT. NO. 15] |

The Court has reviewed the parties' November 7 joint report, in which they stipulate to refer the matter to arbitration and request the vacatur of all deadlines and hearings. Dkt. No. 20. The Court grants the jointly requested relief as follows. The parties are ordered to submit their dispute to arbitration pursuant to their stipulation. Defendants' motion to compel arbitration at Dkt. No. 15 is denied as moot, and all settings and deadlines are vacated. Because no party has requested a stay pending arbitration, the Court dismisses this action without prejudice.[1]

Date: November 7, 2024

Stanley Blumenfeld, Jr.
United States District Judge

[1] If the parties object to the dismissal of Plaintiff's claims without prejudice, they shall file an objection no later than November 13, 2024, and the Court will modify this order to stay the case instead of dismissing it. If stayed, the case will remain administratively closed; the only difference will be that the parties will be required to file regular joint reports on the status of the arbitration so that the Court can fulfill its obligation to monitor the stayed case. Otherwise, the Court will treat its dismissal of the case without prejudice as functionally indistinguishable from a stay in terms of the parties' ability to seek confirmation, modification, or vacatur of an arbitration award.

# Exhibit 3

# NOTICE OF INTENT TO INITIATE ARBITRATION

NOTICE TO ALL PARTIES January 9, 2025

RE: **Mata, Danny vs. Better Debt Solutions LLC, et al.**
Reference #: 5200002169

Dear Parties:

JAMS has received a Demand for Arbitration in the above-referenced matter pursuant to a mandatory pre-dispute arbitration clause contained in a contract between the parties.

Pursuant to the parties' pre-dispute arbitration agreement and JAMS policy, this arbitration shall be conducted in accordance with the JAMS Comprehensive Arbitration Rules & Procedures. It is important to familiarize yourself with the arbitration rules. A copy of these rules can be obtained by visiting our website at www.jamsadr.com. Please note that this matter, being filed by a consumer against a company, will be further governed by JAMS Minimum Standards of Procedural Fairness in Consumer Arbitrations.

Claimant has paid $250.00 of the non-refundable Filing Fee. Under JAMS Minimum Standards, the Consumer will only be required to pay a maximum of $250.00 of the Filing Fee. All other fees associated with this Arbitration shall be borne by the company/non-consumer party. Thus, Respondent must pay the remaining $1,750.00 of the non-refundable Filing Fee. Payment is due upon receipt. **Please note that California Code of Civil Procedure sections 1281.97 – 1281.99 may apply to the payment of fees for this arbitration.**

Under appropriate circumstances, the Arbitrator may award JAMS fees and expenses against any party. JAMS agreement to render services is not only with the parties, but extends to the attorneys or other representatives of the parties in arbitration.

Upon receipt of the balance of the Filing Fee from Respondent, JAMS will formally commence this matter and proceed with the arbitrator selection process.

Contact me at 714-937-8260 or DKim@jamsadr.com if you have questions. Thank you.

Sincerely,

Danielle Kim

Danielle Kim
Arbitration Practice Administrator
DKim@jamsadr.com

Enclosures

# RETAINER

**Invoice Date**
1/9/2025

**Invoice Number**
7502302

Bill To: **Mr. Brent Phillips Esq.**
**Phillips Law Corporation**
**801 Park Center Dr.**
**Suite 105**
**Santa Ana, CA 92705**
**US**

| **Reference #:** | **5200002169 - Rep# 2** |
|---|---|
| Billing Inquiries: | **Kim, Danielle** |
| Email: | **dkim@jamsadr.com** |
| Telephone: | **714-937-8260** |
| Employer ID: | **68-0542699** |

RE: **Mata, Danny vs. Better Debt Solutions LLC, et al.**
Representing: **Better Debt Solutions LLC ; Lendvia LLC**

Neutral(s): **JAMS 1-JAMS**
Hearing Type: **ARBITRATION** DK

| Date / Time | Description | Your Share |
|---|---|---|
| 1/8/25 | **JAMS INC**<br>Non-Refundable Filing Fee | $ 1,750.00 |

| | |
|---|---|
| **Total Billed:** | $ 1,750.00 |
| **Total Payment:** | $ 0 |
| **Balance:** | $ 1,750.00 |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

Standard mail:
**P.O. Box 845402**
**Los Angeles, CA 90084**

Overnight mail:
**18881 Von Karman Ave. Suite 350**
**Irvine, CA 92612**

# Exhibit 4

# FINAL REQUEST FOR FILING FEE FROM RESPONDENT

NOTICE TO ALL PARTIES February 6, 2025

Re: **Mata, Danny vs. Better Debt Solutions LLC, et al.**
Reference #: 5200002169

Dear Parties:

Please be advised that JAMS has not received the non-refundable Filing Fee from the Respondent party as previously requested. If the non-refundable Filing Fee of $1,750.00 is not received within 30 days, JAMS will close the file.

This date is not intended to and does not extend the due date for payment of the outstanding invoice(s). The outstanding invoice(s) was due upon receipt.

**Please note that California Code of Civil Procedure sections 1281.97 – 1281.99 may apply to the payment of fees for this arbitration.**

Contact me at 714-937-8260 or DKim@jamsadr.com if you have questions. Thank you.

Sincerely,

Danielle Kim

Danielle Kim
Arbitration Practice Administrator
DKim@jamsadr.com

Enclosure:

# RETAINER

**Invoice Date**
1/9/2025

**Invoice Number**
7502302

Bill To: **Mr. Brent Phillips Esq.**
**Phillips Law Corporation**
**801 Park Center Dr.**
**Suite 105**
**Santa Ana, CA 92705**
**US**

| **Reference #:** | **5200002169 - Rep# 2** |
|---|---|
| Billing Inquiries: | **Kim, Danielle** |
| Email: | **dkim@jamsadr.com** |
| Telephone: | **714-937-8260** |
| Employer ID: | **68-0542699** |

RE: **Mata, Danny vs. Better Debt Solutions LLC, et al.**
Representing: **Better Debt Solutions LLC ; Lendvia LLC**

Neutral(s): **JAMS 1-JAMS**
Hearing Type: **ARBITRATION** DK

| Date / Time | Description | Your Share |
|---|---|---|
| 1/8/25 | **JAMS INC**<br>Non-Refundable Filing Fee | $ 1,750.00 |

| | |
|---|---|
| **Total Billed:** | $ 1,750.00 |
| **Total Payment:** | $ 0 |
| **Balance:** | $ 1,750.00 |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

Standard mail:
**P.O. Box 845402**
**Los Angeles, CA 90084**

Overnight mail:
**18881 Von Karman Ave. Suite 350**
**Irvine, CA 92612**

# Exhibit 5

# NOTICE OF CLOSING FILE

NOTICE TO ALL PARTIES March 12, 2025

RE: **Mata, Danny vs. Better Debt Solutions LLC, et al.**
Reference #: 5200002169

Dear Parties:

This letter is to confirm the above referenced matter is closed as of March 12, 2025.

Please contact me should you have any questions. Thank you.

Sincerely,

Danielle Kim

Danielle Kim
Senior Arbitration Practice Specialist
DKim@jamsadr.com