UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MATA,<br><br>    Plaintiff,<br><br>v.<br><br>BETTER DEBT SOLUTIONS LLC et al.,<br><br>    Defendants. | Case No. 8:25-cv-00587-SB-ADS<br><br>ORDER TO SHOW CAUSE RE SANCTIONS |

This action was previously filed in September 2024. *Mata v. Better Debt Solutions LLC.*, No. 8:24-cv-02050-SB (C.D. Cal.). In the prior action, after Defendants moved to compel arbitration, the parties stipulated to arbitrate, and, on November 7, 2024, the Court ordered the parties to submit their dispute to arbitration. *Id.*, Dkt. Nos. 15, 20, 22. Because Defendants never paid the required $1,750 filing fee, however, the arbitration was closed on March 12, 2025, and Plaintiff refiled his action on March 20, 2025. Dkt. No. 1. Defendants assert they failed to arbitrate the dispute because they lacked the funds to pay the associated fees and costs. Dkt. No. 15 at 8. This belated claim of indigency is difficult to reconcile with their pursuit of arbitration, reflected in both their motion to compel arbitration and stipulation to arbitrate, which were filed only a few months before they failed to pay the filing fee.

Accordingly, Defendants are ordered to show cause in writing, no later than 12:00 p.m. on May 8, 2025, why they should not be sanctioned for their refusal to arbitrate, in violation of the Court's order, under the Court's inherent authority and California Civil Procedure Code § 1281.99.[1] In the written response to the order to

---

[1] Under California law, if a consumer arbitration requires "the drafting party to pay certain fees and costs before the arbitration can proceed," and the "fees or costs to

1

show cause (OSC), Defendants shall disclose whether they have ever been sanctioned by any court or agency or the subject of an OSC for failing to follow any court rule or order. Failure to timely respond to this OSC may result in the imposition of monetary or other sanctions.

      The parties are also ordered to meet and confer by May 8, 2025, and discuss Defendants' ability to pay any judgment that might be awarded in this matter in light of its representation that it was unable to pay the costs of arbitration. The parties should be prepared to discuss this issue at the May 9, 2025 mandatory scheduling conference.

Date: May 6, 2025

                                      Stanley Blumenfeld, Jr.
                                      United States District Judge

---

initiate an arbitration proceeding are not paid within 30 days after the due date," the drafting party is deemed in material breach of the arbitration agreement. Cal. Civ. Proc. Code § 1281.97(a)(1). If a drafting party is in material breach under § 1281.97(a), the "court shall impose a monetary sanction against [it] . . . by ordering the drafting party to pay the reasonable expenses, including attorney's fees and costs, incurred by the . . . consumer as a result of the material breach" and may impose other nonmonetary sanctions. *Id.* § 1281.99.